Turley, J.
delivered the opinion of the court.
The question presented for the consideration of the court in this case is, as to the validity of a judgment under which John A. Blackmore, the defendant in ejectment, claims the premises in dispute. It appears, from a case agreed, between the parties, that the tract of land sued for had belonged to one Charles Coats; that he and Jonathan Cooper, Wilson Turren-tine and John A. Blackmore, one of the defendants, had been sued to the April term, 1842, of the Circuit Court of Bedford county, by Davidson, Coldwell & Co. upon a bill of exchange for about the sum of $400, of which Cooper was the acceptor, *341 Coals the second endorser, Blackmore the third, and Turren-tine the fourth; that at the same term a judgment was confessed by the defendants in favor of the plaintiff for the amount due on the bill, and execution thereon stayed by agreement between the parties, for'one term; that after the expiration of the time thus given, an execution was issued upon the judgment and levied upon the land, which was sold, and purchased by the defendant Blackmore; that about ten days after the confession of judgment, said Charles Coats filed his petition in the United States District Court at Nashville for the purpose of being declared a bankrupt; that some time in May, 1842, he was so declared; that in his schedule as first rendered, the. tract of land was not inserted, but that subsequently the creditors of Coats, of whom- Blackmore was one, caused • it to be inserted, and thereupon the same was sold by the assignee and purchased by-the plaintiff in ejectment, William I. Whitthorn; deeds of conveyance were duly executed by the sheriff under the execution sale to the defendant Blackmore, and by the assignee under the commission of bankruptcy to the plaintiff Whitthorn, which-are properly proved and registered.
Now, if the judgment confessed at the April term, 1842, by Charles Coats in favor of Davidson, Coldwell & Co. be void, under the provisions of the bankrupt act passed by the Congress of the United States, and approved by the President on 19th August, 1841, then the plaintiff in ejectment is entitled to recover the possession of the premises, otherwise not. ' The 2nd section of the act provides, “That all future payments, securities, conveyances or transfers of property, or agreements made or given by any bankrupt in contemplation of bankruptcy, or for the purposes of giving any creditor, endorser, security, or other person, any preference or priority over the general creditors of said bankrupt, and all other payments, or securities, or transfers of property,.agreements made or given by such bankrupt in contemplation of bankruptcy, to any person or persons whatsoever, not being á bona fide creditor, or purchaser for valuable consideration without notice, shall be deemed utterly void, and a fraud upon this act.”
In the construction of this section, it has been considered, *342 that to render such payments, securities, conveyances or transfers of property void, they must have been made or given in contemplation of bankruptcy and for the purpose of giving the particular creditor or creditors a preference or priority over general creditors. Owen on Bankruptcy, 103. It is difficult to say, from the facts in this case, that such were the designs of Coats in confessing the judgment in favor of Davidson, Cold-well & Co. There is nothing in the case from which they can be inferred, but a short lapse of time intervening between the date of the judgment and the application to be declared a bankrupt: the debt was honestly due, and suit was pending upon it.
In the work above quoted, page 104, it is said, if a payment be made under a fear of arrest, or of proceedings being commenced to recover the same, (though the fear be groundless,) or if it take place under such circumstances as will overcome the free will of the debtor at the time, the payment will be good, and the assignees will not be able to recover it from the creditors. Thus, when a creditor wrote to his debtor, saying, I must have the money in a few weeks, or I will put the claims in the hands of an attorney; and the debtor, in consequence of his threat, paid the debt in three weeks, the payment was not considered a voluntary payment.
In the case of Morgan et als. assignees of Shirley, vs. Bondurant, 5 B. & A. 289, it was held by Littledale, Park and Patterson, Judges, “that such payment, preferences or securities must be made voluntarily and in contemplation of bankruptcy before they can be held void-” Patterson observed emphatically, “I think it ought to have appeared clearly that the bankrupt took the first step towards making the deposit, (which was the secu-' rity in that case.) Now there is much evidence, that he had been frequently asked for payment or security.”
If, then, a debtor is warranted in paying or securing a debt, when induced so to do by the threats and importunities of his creditor, and if such payment ceases to be voluntary under such circumstances, a fortiori would it be so where a suit is actually pending for its recovery, as in the case under consideration: if he might have paid the debt without its being a fraud upon the bankrupt act, surely he might confess a judgment.
*343 The fact, that an execution upon the judgment was stayed for four months, cannot vitiate the transaction; on the contrary, it tends strongly to show that the judgment was not confessed voluntarily and in contemplation of bankruptcy, for the purpose of giving that particular creditor a preference over all others; for if it had been, the debtor would not have stipulated for delay, but would have permitted an execution to issue forthwith.
We are therefore of opinion, that the judgment is not void, and that the defendant Blackmore has acquired the legal title to the premises by virtue of his purchase under it, and the conveyance from the sheriff; and do therefore reverse the judgment of the Circuit Court, and give judgment upon the case agreed for the defendant in ejectment.